67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohamed S. MOORE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70243.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Sept. 19, 1995.
 
 Before: WRIGHT, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 An immigration judge (IJ) found Mohamed Moore deportable and denied his Sec. 212(c) application for waiver. The Board of Immigration Appeals (BIA) affirmed. He petitions this court for review of the BIA's decision. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 3
 Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1182(c), affords discretionary relief from deportation to lawful permanent residents who, like Moore, meet the provision's seven-year residency requirement. Elramly v. INS, 49 F.3d 535, 536 (9th Cir.1995). In applying the section, the BIA must balance the favorable social and humane factors against the adverse factors that demonstrate undesirability as a permanent resident. Id. The BIA must also indicate how it weighed the factors and how it arrived at its conclusion. Id.
 
 
 4
 Moore argues that the BIA failed to demonstrate that it adequately considered the hardship that he would suffer upon deportation to Sierra Leone. He contends that the BIA should have considered the country's devastated condition and his lack of survival skills for that country. He says that the BIA failed to consider that he has not been in Sierra Leone since he was three years old, does not speak the language and has no contacts there.
 
 
 5
 To the contrary, the BIA adequately considered the hardship upon deportation. It wrote, "we are also cognizant of the adverse conditions in Sierra Leone, as described in the supporting documentation submitted by [Moore]." Moreover, it found that the IJ had considered all the relevant factors in denying relief. The IJ noted Moore's departure from Sierra Leone at the age of three and his inability to speak the languages predominantly used in that country.
 
 
 6
 The BIA considered other factors favorable to Moore, including his length of residence in the United States, his significant family ties in the United States and his participation in rehabilitation activities. It explained that such favorable factors were outweighed by the adverse factors, including Moore's substance abuse, drug trafficking, gang-related criminal activity, lewd and lascivious conduct with a minor and commencement of criminal activity shortly after entry into the United States. See Alaelua v. INS, 45 F.3d 1379, 1380-81 (9th Cir.1995) (serious criminal record may be overcome only by unusual or outstanding equities). The BIA did not abuse its discretion in weighing the equities. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 7
 Additionally, Moore argues that substantial evidence does not support the BIA's conclusion that no one depends on him for financial support. Specifically, he contends that his ailing mother is dependent on him.
 
 
 8
 Nothing in the record indicates that Moore ever financially supported his divorced mother while she worked to provide for herself and her two other children. He had opportunities to do so when he was not incarcerated. Also, the record does not show that his mother would expect financial support from him if we were to grant his petition. Substantial evidence supports the BIA's conclusion that no one depends on Moore for financial support. See id.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3